UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX KESELRING,

    Plaintiff,                                Case No.:
                                              Hon.

v.

HARTFORD LIFE AND
ACCIDENT INSURANCE CO.,

    Defendant.

_____/

JOHN A. SCHIPPER (P68770)
The Schipper Law Group, PLC
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(248) 729-2414
_____/

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the Complaint.

## **COMPLAINT**

      Plaintiff, ALEX KESELRING, through his attorneys, JOHN A. SCHIPPER and THE SCHIPPER LAW GROUP, PLC, files this Complaint against Defendant as follows:

## JURISDICTION AND VENUE

1. This Court's jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f), which provisions grant this Court the jurisdiction to hear civil actions to recover benefits due under the terms of an employee welfare benefit plan.

2. The NETSCOUT SYSTEMS, INC. Plan ("the Plan") includes a long-term disability insurance policy, which Plan is sponsored by Plaintiff's former employer NETSCOUT SYSTEMS, INC., for the benefit of NETSCOUT SYSTEMS employees. Defendant ("Hartford") underwrites and administers the policy.

3. 29 U.S.C. § 1133 provides a mechanism for the administrative or internal appeal of benefit denials. Plaintiff ("Mr. Keselring") has either exhausted all of his appeals or has been denied access to a meaningful and/or full and fair pre-suit appellate review. This matter is ripe for judicial review.

4. Pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, venue is proper in the Eastern District of Michigan.

## NATURE OF ACTION

5. This is a claim seeking disability income benefits under the Plan, which Plan was intended to provide long-term disability income benefits to

NETSCOUT SYSTEMS' employees, including Mr. Keselring. This action is brought pursuant to § 502(a)(1)(B) of ERISA - 29 U.S.C. § 1132(a)(1)(B).

## THE PARTIES

6. Mr. Keselring is a 31-year-old man with a college education, majoring in computer science. He has suffered many medical conditions related to his ears and hearing and has not worked since July 21, 2018 because of the symptoms of these conditions. He was, and remains, a resident of Ypsilanti, Michigan for all relevant times.

7. Hartford is a foreign corporation, with The Corporation Company, 40600 Ann Arbor Road, Ste. 201, Plymouth, MI 48170 acting as its resident agent for service of process.

8. During all relevant times, the Plan constituted an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), and, incidental to his employment, Mr. Keselring received coverage under the Plan as a "participant," as defined by 29 U.S.C. § 1002(7). This claim relates to benefits due under the above-described Plan.

## FACTUAL STATEMENT

9. Mr. Keselring has been diagnosed with several medical conditions of the ear.

10. These medical conditions cause ringing of the ear (diagnosed as tinnitus), abnormal hearing of his voice and heartbeat (diagnosed as autophony and pulsatile tinnitus), and a full feeling of the ear.

11. A series of doctors have examined and treated him to date and have provided multiple medical treatments. No medical treatment to date has treated his symptoms with total and consistent relief.

12. Mr. Keselring first applied for long-term disability benefits pursuant to the Plan in 2019, and Hartford denied his claim.

13. Mr. Keselring appealed the denial of his claim, and in May of 2020 the Hartford overturned its denial of Mr. Keselring's claim.

14. The Hartford continued to pay Mr. Keselring monthly long-term disability benefits until May of 2021, at which time it terminated coverage.

15. On October 2, 2021, Mr. Keselring formally appealed the termination of his long-term disability benefits.

16. On October 8, 2021, the Hartford sent correspondence to Mr. Keselring to notify him that his appeal review was in process.

17. On October 19, 2021, the Hartford sent correspondence to Mr. Keselring to notify him that the appeal was being considered by an analyst.

18. Since that date there has been no further correspondence or communication from the Hartford indicating actions being taken in the matter or the status of the appeal.

19. Pursuant to 29 C.F.R. §2560.503-1(i)(3)(i) plans are allowed 45 days to review an appeal and are allowed one 45-day extension upon written notice of circumstances requiring extension to be provided to the claimant before expiration of the original 45-day period.

20. Because the Hartford has taken no further action on Mr. Keselring's appeal, he may now pursue this action and, pursuant to 29 C.F.R. §2560.503-1(l)(2)(i), Mr. Keselring, "is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."

21. Because Defendant has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim, Mr. Keselring's appeal is considered denied and this Court is empowered to issue a de novo review on the matter without consideration for any decision the Hartford may have made had it issued a decision.

22. Pursuant to the terms of the Plan, the definition of "disability" under Plan is "own occupation" for the first 24 months of benefits, which shifts to "any occupation" thereafter. This means that it must be found that a claimant is unable to do any job within his or her capacity (and that pays compensation of at least 60% of his former pay) after receiving 24 months of benefits in order to qualify as disabled under the policy language.

23. Mr. Keselring's treating and expert physicians have submitted that he is limited to working in a quiet environment equivalent to approximately that of a museum or library and that he must be granted rest breaks throughout the workday to alleviate pain and discomfort.

24. An occupational expert has opined that Mr. Keselring is incapable of performing any job in the economy with these restrictions.

25. Given his extensive medical documentation, medical and occupational opinions, the great weight of the evidence in the claim file should lead a reasonable and objective trier of fact to the conclusion that he meets the definition of disability within the Plan policy and should be granted long-term disability benefits.

26. Because valid, objective, and well-supported proofs establish Mr. Keselring's ongoing disability within the Plan's terms, he is entitled to the immediate payment of long-term disability benefits retroactive to the date they were wrongfully terminated, May 8, 2021 and into the foreseeable future.

27.   Plaintiff, has attempted to utilize the administrative appeals process in the Plan policy but has found it futile.

28.   Defendant refuses to resume payment of benefits rightfully due and owing to Plaintiff.

29.   29 U.S.C. § 1132(a)(1)(B) states as follows:

> (a)   Persons Empowered to Bring a Civil Action- A civil action may be brought –
>
> (1)   by a participant or beneficiary –
>
> (B)   to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

30.   As a result of Defendant's wrongful termination of disability benefits, Plaintiff has sustained the following damages, including, but not limited to:

> (a)   Loss of past, present and future income in the form of wage loss compensation benefits;

**WHEREFORE,** Plaintiff, ALEX KESELRING, prays for Judgment in his favor and against the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE CO., in whatever amount he is found to be entitled, in addition to costs, interest and attorney fees.

Respectfully submitted,

THE SCHIPPER LAW GROUP, PLC


/s/ JOHN A. SCHIPPER (P68770)


Attorneys for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(248) 729-2414 Phone/Fax

jschipper@tslgroup.law


Dated: January 11, 2022